IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| *Plaintiff,* | § § | SA-23-CV-00384-JKP |
| vs. | § § § | |
| FRANK CASTANEDA, | § § § | |
| *Defendant.* | § | |

# ORDER

Before the Court in the above-styled cause of action is Plaintiff's Motion for Substituted Service [#5]. This case concerns Defendant's alleged default on his obligations under a pre-litigation Settlement Agreement intended to resolve Plaintiff's claims that Defendant violated the Controlled Substances Act, 21 U.S.C. § 801, *et seq.* By its motion, Plaintiff asks the Court to approve substitute service of Defendant under Rule 4(e)(1) and Texas Rules of Civil Procedure 106. For the reasons that follow, the Court will grant the motion.

The record reflects that Plaintiff filed its Original Complaint against Defendant on March 29, 2023, and requested issuance of summons. The Clerk issued the requested summons on March 31, 2023. Plaintiff, through its process server, Ruben Sifuentes, attempted to serve Defendant at his home address with no success. An affidavit of Mr. Sifuentes attached to Plaintiff's motion indicates that he attempted to serve Defendant at his personal residence eight times from April 3 and May 6, 2023. (Sifuentes Affidavit [#5-2], at 2–3.) All eight times, he found no one to be home, no answer at the door, and no vehicles in the driveway. (*Id.* at 2–3.) On four occasions, Mr. Sifuentes found the mailbox overflowing with mail. (*Id.* at 2.) On one

occasion, Mr. Sifuentes was able to talk with a neighbor, who verified that the residence indeed belonged to Defendant and that he resided there. (*Id.* at 3.)

The record also contains a declaration by Bobby Hogeland, a Senior Investigator in the United States Attorney's Office for the Western District of Texas, which states that he examined the real property records available through the Texas Secretary of State and confirmed that Defendant's last known residential address is the address where the process server attempted service. (Hogeland Decl. [#5-3], at 2–3.) Additionally, Mr. Hogeland confirmed that this property is the only real property currently associated with Defendant. (*Id.* at 3.)

Federal Rule of Civil Procedure 4(e)(1) provides that "an individual . . . may be served in a judicial district of the United States by . . . following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located." Fed. R. Civ. P. 4(e)(1). Texas Rule of Civil Procedure 106 provides:

> (a) Unless the citation or court order otherwise directs, the citation must be served by:
>
> (1) delivering to the defendant, in person, a copy of the citation, showing the delivery date, and of the petition; or
>
> (2) mailing to the defendant by registered or certified mail, return receipt requested, a copy of the citation and of the petition.
>
> (b) Upon motion supported by a statement—sworn to before a notary or made under penalty of perjury—listing any location where the defendant can probably be found and stating specifically the facts showing that service has been attempted under (a)(1) or (a)(2) at the location named in the statement but has not been successful, the court may authorize service:
>
> (1) by leaving a copy of the citation and of the petition with anyone older than sixteen at the location specified in the statement; or
>
> (2) in any other manner that, including electronically by social media, email, or other technology, that the statement or other evidence

>shows will be reasonably effective to give the defendant notice of the suit.

Tex. R. Civ. P. 106.  Accordingly, if a plaintiff's attempts to serve a defendant in person are unsuccessful, a court may authorize substitute service upon receipt of an affidavit satisfying Rule 106(b).  *See State Farm Fire & Cas. Co. v. Costley*, 868 S.W.2d 298, 299 (Tex. 1993).

The Court will grant Plaintiff's motion for substitute service.  The sworn affidavit and declaration before the Court establish that personal service cannot be reasonably effectuated on Defendant, who appears to be attempting to avoid service.  The Court will therefore order substitute service as requested such that Plaintiff may serve Defendant by electronic mail.

In determining whether email service will be effective, courts in Texas frequently consider whether "the defendant has recently communicated using the email address proposed for service."  *See Selippos Tech., Ltd. v. First Mountain Bancorp*, No. 4:12–CV–01508, 2013 WL 1181469, at *3 (S.D. Tex. 2013).  Plaintiff has communicated with Defendant using the email address amigosrx99@me.com regarding the alleged default, and Defendant responded to Plaintiff via email in February 2023 using the email address amigosrx@hotmail.com.  Plaintiff asks the Court to approve substitute service by emailing a copy of the Complaint and summons to both email addresses.  Plaintiff has agreed to provide notification to the Court by filing a proof of service after sending the Complaint and summons by electronic mail.  Service will be effective as of the date the email is sent.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Substituted Service [#5] is **GRANTED**.

**IT IS FURTHER ORDERED** that service of process may be made on Defendant, Frank Castaneda, by sending the Complaint, exhibits, and summons via email to his known email addresses, amigosrx99@me.com and amigosrx@hotmail.com.

**IT IS FURTHER ORDERED** that the United States will provide notification to the Court by filing a proof of service after sending the complaint and summons by email. Service will be effective as of the date the email is sent.

SIGNED this 23rd day of June, 2023.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE